IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.4:18CR00012 |
| | ) | |
| JALEN CORMARRIUS TERRY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JALEN CORMARRIUS TERRY'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS COUNTS
FIVE AND NINE OF INDICTMENT**

Defendant Jalen Cormarrius Terry ("Terry"), by his appointed counsel, this day filed a

Motion to Dismiss Counts Five and Nine of Indictment (ECF 233).   Terry submits this

memorandum in support of his motion to dismiss those charges.

Statement of the Case

On June 11, 2018, Terry and seven others were indicted on multiple counts of racketeering-

related offenses. In Counts Five and Nine Terry and his co-defendants are charged with

brandishing a firearm in the course of carrying out a "crime of violence" in violation of 18 U.S.C.

§ 924(c)(1)(A)(iii).  The alleged crime of violence underlying the Section 924(c) charge in Count

Five is a violent act in aid of racketeering ("VICAR") as proscribed by 18  U.S.C. § 1959(a)(5),

contained in Count Four.   The purported crime of violence underlying Count Nine is another

VICAR charge under 18 U.S.C. § 1959(a)(5).    The VICAR charge that serves as the basis for

Count Nine is alleged against Terry in Count Eight. As used in this memorandum, the "VICAR

1

Counts" refers collectively to Counts Four and Eight, while the "Section 924(c) Counts" refers to Counts Five and Nine.

<u>Argument</u>

<u>Standard of Review</u>

Terry challenges the Indictment prior to trial pursuant to Rule 12(b)(3). In considering Terry's motion to dismiss, the Court must subject the Indictment to "heightened scrutiny." <u>United States v. Darby</u>, 37 F.3d 1059, 1063 (4th Cir. 1994) (applying "heightened scrutiny because the Appellant challenges the sufficiency of the indictment prior to verdict").

**THE SECTION 924(c) COUNTS SHOULD BE DISMISSED BECAUSE THE VICAR COUNTS FAIL TO QUALIFY AS CRIMES OF VIOLENCE.**

The term "crime of violence" for purposes of Section 924(c)(1)(A) is defined in 18 U.S.C. § 924(c)(3) as "an offense that is a felony and – (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)-(B). "Section 924(c)(3)(A) is referred to as the 'force clause,' while section 924(c)(3)(B) is called the 'residual clause.'" <u>United States v. Fuertes</u>, 805 F.3d 485, 498 (4th Cir. 2015). More aptly, this Court in 2017 referred to "§ 924(c)(3)(A) as the 'use-of-force clause" and § 924(c)(3)(B) as the 'risk-of-force clause.'" <u>United States v. Jones</u>, 2017 U.S. Dist. LEXIS 139727, *6 (Aug. 29, 2017, W.D. Va.) (Urbanski, C.J.).

In determining whether a particular offense is a "crime of violence" within the meaning of either the force or residual clause of Section 924(c)(3), the United States Court of Appeals for the

2

Fourth Circuit follows the categorical approach.  Whether applied strictly or in modified form, the categorical approach focuses exclusively upon elements of the offense in issue rather than facts of the case in controversy. Mathis v. United States, 136 S. Ct. 2242, 2247-48 (2016) (accord); United States v. McNeal, 818 F.3d 141, 152 (4th Cir. 2016) ("In determining whether an offense is a crime of violence under either clause, we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case."); United States v. Piccolo, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("In the context of crime-of-violence determinations under § 924(c), [the] categorical approach applies.").  Any attempt by the government to argue that the categorical approach is somehow inapplicable when 18 U.S.C. § 1959(a)(5) is at issue is foreclosed by controlling precedent. United States v. McCollum, 885 F.3d 300, 305 (4th Cir. 2018) (holding "the categorical approach applies to federal crimes like conspiracy to commit murder in aid of racketeering" in violation of 18 U.S.C. § 1959(a)(5)).  Equally precluded by precedent would be any argument by the government that the categorical approach should apply only to past convictions rather than charges pending before the reviewing court.  United States v. Evans, 848 F.3d 242, 245-46 (4th Cir.) cert. denied 137 S. Ct. 2253 (2017); Piccolo, 441 F.3d at 1087 and note 6 ("The Fourth Circuit applies the categorical approach to an instant offense in determining whether that offense qualifies as a crime of violence under the Sentencing Guidelines."); United States v. Faulls, 821 F.3d 502, 515 and note 5 (4th Cir. 2016) (applying categorical approach to instant offenses).

The residual clause of Section 924(c) is categorically and unconstitutionally void for vagueness. United States v. Simms, 2019 U.S. App. LEXIS 2341 (4th Cir. Jan. 24, 2019) (en banc) (applying Sessions v. Dimaya, 138 S. Ct. 1204 (2018).  Therefore, Counts Five and Nine must be

3

vacated unless they are predicated on a "crime of violence" that categorically falls within the narrow confines of the force clause.

The Supreme Court's analysis of the Armed Career Criminal Act ("ACCA") force clause (or "elements clause"), 18 U.S.C. § 924(e)(2)(B)(i), applies to the similar force clause in Section 924(c)(3)(A). See Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I"); Evans, 848 F.3d at 245 (applying Johnson I to Section 924(c)(3)(A) force clause). To satisfy the force clause of either Section 924(e) or 924(c)(3)(A), the offense in issue must necessarily require violent force ". . . capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140; Evans, 848 F.3d at 245; United States v. Edmundson, 153 F. Supp. 3d 857, 859-60 (D. Md. 2015); see also Stokeling v. United States, 2019 U.S. LEXIS 725 at *7 (Jan. 15, 2019) (construing Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), and concluding "that the elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance.").

Counts Five and Nine fail to state offenses under the force clause of Section 924(c)(3)(A) because 18 U.S.C. § 1959(a)(3) is not categorically a crime of violence. Subsection (a)(3) of the VICAR statute criminalizes racketeering-related assaults with a dangerous weapon or assaults resulting in serious bodily injury.

> (a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—
> . . . (3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both; . . .

18 U.S.C. § 1959(a)(3).

Both VICAR Counts are predicated on the same state law offense, VA. CODE ANN. § 18.2-282. This Virginia statute prohibits pointing, holding or brandishing a firearm (or another object similar in appearance) ". . . in such manner as to reasonably induce fear in the mind of another or hold a firearm or any air or gas operated weapon in a public place in such a manner as to reasonably induce fear in the mind of another of being shot or injured." VA. CODE ANN. § 18.2-282.A.   A person who violates this state statute is guilty of a misdemeanor. Id.

The threshold, analytical issue presented by Terry's challenge to the Section 924(c) Counts is whether the Court should apply the generic definition of "assault with a dangerous weapon" rather than examining the elements of the state offense alleged in the VICAR Counts, VA. CODE ANN. § 18.2-282.  In United States v. Jones, 2017 U.S. Dist. LEXIS 139727 (W.D. Va. Aug. 29, 2017), this Court held that "the generic definition of assault with a dangerous weapon applies in examining whether the VICAR counts in the Superseding Indictment qualify as crimes of violence under § 924(c)." Id. at *12.[1]   Jones, however, was wrongly decided for the reasons articulated two months ago by Judge Davis in United States v. Simmons, 2018 U.S. Dist. LEXIS 196181 (Nov. 16, 2018, E.D. Va.).  The question presented in Simmons was the same as the question presented here: Whether a count alleging the defendant committed a VICAR assault with a dangerous weapon in aid of racketeering qualifies as a crime of violence within the meaning of the Section 924(c)(3)(A) force clause. Examining the indictment and a limited class of other charging documents, Judge Davis explained that the Section 1959(a)(3) counts in issue ". . . were based on

---

[1] In Jones the predicate state law offense alleged in the superseding indictment was malicious prosecution under VA. CODE ANN. § 18.2-51.

5

assault with a dangerous weapon, as cross-referenced to Virginia Code §§ . . . 18.2-282."

Simmons, 2018 U.S. Dist. LEXIS 196181 at *13.   Whether the court should scrutinize this state

statute or the common law, generic definition of assault with a dangerous weapon was the initial

question presented in Simmons.

> Here, the parties strongly dispute whether this Court should limit its analysis to the
> "generic definition" of "assault with a dangerous weapon" (Government's position)
> or whether its analysis must also extend to consideration of the specific elements
> of the cross-referenced Virginia statutes (Defendants' position).

Simmons, 2018 U.S. Dist. LEXIS 196181 at *14.

The government's position in Simmons mirrored the reasoning this Court embraced in

Jones, 2017 U.S. Dist. LEXIS 139727 at *5.  In contrast, the Simmons defendants argued the Jones

analysis was misguided.  Judge Davis sided with the defense on this crucial point. "Although the

law is far from settled on this issue," Judge Davis concluded, "in this Court's view, the short, but

certainly not simple, answer is, Defendants are correct." Simmons, 2018 U.S. Dist. LEXIS 196181

at *13.

Judge Davis rejected the government's ". . . contention that the analysis should stop at the

generic level . . ." Id. at *15.   A court cannot apply a modified categorical approach properly to

determine whether Section 1959(a)(3) (assault with a dangerous weapon) necessarily involves the

use of violent force as an essential element if it considers only the elements of the generic definition

of assault with a dangerous weapon. Judge Davis announced the court would consider the elements

of the predicate state law offense – brandishing a firearm as codified in VA. CODE ANN. § 18.2-

282 – to determine whether the requirements of the force clause of Section 924(c)(3)(A) are

satisfied.

6

Accordingly, this Court will consider the elements of the Virginia statute . . . to determine whether such state statute, from a categorical perspective, is sufficiently similar to the generic definition of assault with a dangerous weapon to serve as a predicate offense, or whether it sweeps more broadly than the generic version and is applied by Virginia courts to capture nonviolent conduct.

Simmons, 2018 U.S. Dist. LEXIS 196181 at *16.

Accord, Umaña v. United States, 229 F. Supp. 3d 388, 392 (W.D. N.C. 2017); United States v. Woods, 336 F. Supp. 3d 817, 824 (E.D. Mich. 2018).

Judge Davis determined that VA. CODE ANN. § 18.2-282 does not categorically codify a crime of violence under the Section 924(c)(3)(A) force clause. The Virginia statute encompasses reckless conduct that is neither forceful nor threatening in this respect. Brandishing a firearm is distinct from the generic, common law crime of assault with a dangerous weapon. Citing Huffman v. Commonwealth, 51 Va. App. 469 (2008) and Dezfuli v. Commonwealth, 58 Va. App. 1 (2011), Judge Davis explained that to "brandish" within the broad scope of VA. CODE ANN. § 18.2-282 means ". . . to exhibit or expose in an ostentatious, shameless, or aggressive manner." Dezfuli, 58 Va. App. at 9. Simmons, 2018 U.S. Dist. LEXIS 196181 at *23. Virginia's sweeping, judicially developed definition of "brandish" as a shameless or ostentatious display does not require any intent on the armed person's part to threaten another. As a result, the elements of VA. CODE ANN. § 18.2-282 do not satisfy the force clause of Section 924(c)(3)(A).

Here, the Court finds that Va. Code § 18.2-282 sweeps more broadly than generic assault with a dangerous weapon because the most innocent conduct that has actually been prosecuted under Va. Code § 18.2-282 does not involve the use of violent force or the threat to use violent force, as the firearm does not need to be displayed with either the intent to harm or the intent to scare another person, but rather, can be waived in the air in a manner that is reasonably perceived as being dangerous. . . . Accordingly, post-Dimaya, Defendants' convictions on Count 29, VICAR assault with a dangerous weapon in aid of racketeering, as cross-referenced to Va. Code § 18.2-282, cannot serve as the necessary predicate "crime of violence"

7

to support the Defendants' convictions on Count 30. All three Defendants' convictions on Count 30 are therefore vacated.

Simmons, 2018 U.S. Dist. LEXIS 196181 at *27-*28 [emphasis in original].

See, also, United States v. Hodge, 902 F.3d 420, 427 (4th Cir. 2018) (holding that Maryland's reckless endangerment statute does not create a violent felony under the ACCA force clause because recklessness does not satisfy mens rea requirement of 18 U.S.C. § 924(e)(2)(B)(i)).

This Court should adopt Judge Davis's sound analysis in Simmons and dismiss Counts Five and Nine because they are not predicated on a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(1)(A).

## Conclusion

For the foregoing reasons, the Court should grant Defendant Jalen Cormarrius Terry's Motion to Dismiss Counts Five and Nine of the Indictment.

## Request for Oral Argument

Defense counsel requests an opportunity to argue orally in support of this motion.

JALEN CORMARRIUS TERRY


By:   s/Paul G. Beers
           Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Jalen Cormarrius Terry

8

<u>Certificate of Service</u>

I hereby certify that on January 25, 2019, I electronically filed the foregoing Defendant Jalen Cormarrius Terry's Memorandum in Support of Motion to Dismiss Counts Five and Nine of Indictment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Ronald M. Huber, Esq., Managing Assistant United States Attorney, United States Attorney's Office, 255 West Main Street, Charlottesville, Virginia 22902, and to Heather L. Carlton, Esq., Assistant United States Attorney, United States Attorney's Office, 255 West Main Street, Charlottesville, Virginia 22902.

s/Paul G. Beers
Paul G. Beers

9