IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.4:18CR00012 |
| | ) | |
| JALEN CORMARRIUS TERRY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JALEN CORMARRIUS TERRY'S MEMORANDUM IN SUPPORT OF SUPPLEMENTAL MOTION TO DISMISS SECTION 924(c) COUNTS**

Statement of the Case

On this date Defendant Jalen Cormarrius Terry ("Terry") filed a Supplemental Motion to Dismiss Section 924(c) Counts. (Document 332.) Terry submits this memorandum to support his request that the Court dismiss Counts Three, Five, Seven and Nine, each of which consists of a charge under 18 U.S.C. § 924(c)(1)(A) (collectively, "the Section 924(c) Counts").

The present motion supplements Terry's previously filed challenges to the four Section 924(c) Counts. See Documents 112 and 233. Those prior challenges remain pending. The present motion raises an independent, alternative basis for dismissing at least two of the four Section 924(c) Counts.

Argument

Standard of Review

Terry challenges the Indictment prior to trial pursuant to Rules 8 and 12(b)(3) of the Federal Rules of Criminal Procedure. In considering Terry's motion to dismiss, the Court must subject the Indictment to "heightened scrutiny." United States v. Darby, 37 F.3d 1059, 1063 (4th Cir. 1994)

1

(applying "heightened scrutiny because the Appellant challenges the sufficiency of the indictment prior to verdict").

**THE SECTION 924(c) COUNTS SHOULD BE DISMISSED BECAUSE THEY EXCEED THE PROPER UNIT OF PROSECUTION.**

Section 924(c) of Title 18 of the United States Code is as draconian as it is enigmatic. Section 924(c)(1)(A) imposes a mandatory minimum sentence of five years upon "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, . . . ." 18 U.S.C. § 924(c)(1)(A). When a defendant brandishes the firearm, the mandatory minimum sentence rises to seven years. 18 U.S.C. § 924(c)(1)(A)(ii). A "second or subsequent" violation of Section 924(c) results in a mandatory minimum sentence of 25 years. 18 U.S.C. § 924(c)(1)(C)(i). Moreover, Congress provides in Section 924(c)(1)(D)(ii) that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii).

Terry's supplemental challenge to the Section 924(c) Counts hinges on the proper unit of prosecution under that statute. Unit of prosecution analyses require a court to examine ". . . the minimum amount of activity for which criminal liability attaches for each charge under a single criminal statute." United States v. Rentz, 777 F.3d 1105, 1108 (10th Cir. 2015) [internal quotations omitted]. See Callanan v. United States, 364 U.S. 587, 597 (1961) (question presented in a unit of prosecution analysis is "whether conduct constitutes one or several violations of a single statutory provision.").

2

While related to the rule against multiplicity, whether an indictment exceeds the relevant unit of prosecution is a question of statutory interpretation rather than a constitutional inquiry under the Double Jeopardy Clause of the Fifth Amendment. Rentz, 777 F.3d at 1108 (explaining that "as other circuits have recognized, [t]he absence of a [Blockburger] Double Jeopardy problem does not end [this] inquiry."); United States v. Cureton, 739 F.3d 1032, 1040 (7th Cir. 2014). To ascertain a statute's unit of prosecution a court ". . . asks what the minimum amount of activity a defendant must undertake, what he must do, to commit each new and independent violation of a criminal statute . . . ." Rentz, 777 F.3d at 1109.

The United States Court of Appeals for the Fourth Circuit in 1994 defined the unit of prosecution under 18 U.S.C. § 924(c)(1). United States v. Camps, 32 F.3d 102 (4th Cir. 1994). Camps was charged with using or carrying firearms in violation of Section 924(c)(1) on three, successive dates spanning a two week period. Following his conviction on those Section 924(c)(1) counts, the district court imposed three consecutive sentences. On appeal, Camps argued that his usage or carriage of firearms on the three separate occasions all related to the same drug trafficking conspiracy. Camps contended his criminal liability under Section 924(c) was limited to a single conviction and a single sentence because he was charged with a single predicate felony (conspiracy to distribute drugs). Id. at 106.

Affirming the district court in all respects, the Fourth Circuit emphasized that Camps's several convictions and consecutive sentences were based on his usage or carriage of firearms on successive days, i.e., "separate occasions." Id. at 107. Writing for a unanimous panel, Judge Luttig rejected the view of several circuits that the Section 924(c)(1) unit of prosecution is each predicate drug trafficking offense or crime of violence. Camps, 32 F.3d at 108-9. Instead, the Camps Court

3

held, the text of Section 924(c)(1) establishes that the unit of prosecution is each, separate firearm use or carriage. "Each separate act of firearm use or carriage, therefore, is separately, and consecutively, punishable," Judge Luttig wrote. Id. at 108. In reaching this conclusion, the Fourth Circuit readily accepted the government's sensible concession ". . . that a defendant may not be punished multiple times for *simultaneous* firearm use or carriage." Id. at 109 and note 9 [emphasis in original].

The United States Court of Appeals for the Fifth Circuit cited Camps with approval in United States v. Phipps, 319 F.3d 177 (5th Cir. 2003). "Thus, the unit of prosecution for § 924(c)(1) is the use, carriage, or possession of a firearm during and in relation to a predicate offense," the Third Circuit concluded. Phipps, 319 F.3d at 186. "In so deciding," the Phipps Court continued, "we agree with the similar reasoning of the Fourth Circuit in Camps . . . ." Id.

In Phipps, the defendants used one firearm against one victim to commit two violent crimes simultaneously: kidnapping and carjacking. The government charged the defendants in one Section 924(c)(1) count with using the gun in relation to the kidnapping and in a second Section 924(c)(1) count for simultaneously using the gun to carry out the carjacking of the same victim's vehicle. Following a jury verdict finding them guilty of both Section 924(c)(1) counts the defendants appealed on the ground ". . . that they may be convicted under that statute only once for the single use of a single firearm." Phipps, 319 F.3d at 183.

The Fifth Circuit agreed with the defendants. They could be charged only once under Section 924(c)(1) based on their use of a single firearm to commit two predicate offenses on the same occasion. Phipps, 319 F.3d at 189.

4

Similarly instructive is an en banc opinion by the United States Court of Appeals for the Tenth Circuit examining the proper unit of prosecution under Section 924(c)(1), United States v. Rentz, 777 F.3d 1105 (10th Cir. 2015). Rentz discharged his firearm, striking two victims in rapid succession with the same bullet. One victim died. The other survived his bullet wound. Rentz was charged with murder, 18 U.S.C. § 1111; use of a firearm in furtherance of the murder, 18 U.S.C. § 924(c)(1); assault causing serious bodily injury, 18 U.S.C. § 113(a)(6); and use of a firearm in relation to the assault, 18 U.S.C. § 924(c)(1). The question presented on appeal was whether Rentz was properly charged and convicted of two Section 924(c)(1) counts rather than one such count for his singular use of the firearm.

> . . . The parties before us agree that Philbert Rentz "used" a gun only once but did so "during and in relation to" two separate "crimes of violence" – by firing a single shot that hit and injured one victim but then managed to strike and kill another. In circumstances like these, does the statute permit the government to charge one violation [of Section 924(c)(1)A] or two?

Rentz, 777 F.3d at 1107.

The Tenth Circuit held Rentz should have been charged with only one Section 924(c)(1) count because he "used" his firearm once. Each Section 924(c)(1)(A) charge ". . . requires an independent use, carry, or possession . . .", the Tenth Circuit concluded. Rentz, 777 F.3d at 1115. Because the government agreed the case ". . . involve[d] only one use, carry, or possession of a firearm[,] . . . the government may seek and obtain no more than one § 924(c)(1)(A) conviction." Rentz, 777 F.3d at 1115. Accord, United States v. Jackson, 918 F.3d 467, 493 (6th Cir. 2019) (vacating one of defendant Jackson's two Section 924(c)(1) convictions, which were predicated on "two simultaneous carjackings" because "Jackson made a single choice to use a firearm. He therefore can only be convicted of a single § 924(c) charge."); United States v. Cureton, 739 F.3d

5

1032, 1040 (7th Cir. 2014) (answering in the negative "whether a defendant may receive multiple 18 U.S.C. § 924(c) convictions for a single firearm use when the predicate offenses are also committed simultaneously and without any distinction in conduct.").

Applying these unit of prosecution principles, the Court should dismiss at least two of the four Section 924(c)(1) Counts against Terry. Read together, Counts Three and Five charge Terry with using a firearm to commit two, simultaneous crimes (assault with a dangerous weapon and attempted murder) on the same occasion against the same victim, Armonti Devine Womack, in violation of 18 U.S.C. §§ 1959(a)(3) and (a)(5). (Indictment ¶¶ 19-20; 24-25.)[1] Under Camps, Terry's alleged, simultaneous use of a firearm to commit two predicate offenses on the same occasion provides a basis to charge Terry with only one Section 924(c) Count arising out of the shooting of Mr. Womack on June 15, 2016.

For the same reasons, Counts Seven and Nine impermissibly charge Terry with violating Section 924(c) twice through the simultaneous use of one firearm against one victim. Both Count Seven and Count Nine identify the same victim, Dwight Montel Harris. (Indictment ¶¶ 29-30; 34-35.) The twin Section 924(c) Counts are predicated on Terry's alleged violation of 18 U.S.C. §§ 1959(a)(3) and (a)(5). Under these circumstances, ". . . the government may seek and obtain no more than one § 924(c)(1)(A) conviction" based on the alleged shooting of Mr. Harris on June 15, 2016. Rentz, 777 F.3d at 1115.

---

[1] As Terry explained in a prior memorandum (Document 234), neither Count Five nor Nine states a cognizable offense under Section 924(c)(1). Each is based ultimately on VA. CODE ANN. § 18.2-282, which is not a crime of violence within the meaning of 18 U.S.C. § 924(c)(3). This supplemental motion provides an alternative, independent ground for dismissing Counts Five and Nine.

6

The government in response may point to United States v. Khan, 461 F.3d 477, 493-95 (4th Cir. 2006). Khan was convicted of four crimes of violence. Tied to each of those violent predicates was a Section 924(c) charge. On appeal of their convictions, the defendants argued they should not have been subjected to four Section 924(c)(1) charges and consecutive sentences because those offenses all related to the same criminal "episode." Khan, 461 F.3d at 493. Rejecting this contention, the Khan Court held that separate predicate crimes of violence support separate Section 924(c) charges. Khan, 461 F.3d at 493 and note 9 ("Because Khan's four crime-of-violence convictions constitute separate predicate offenses, each may support a consecutive § 924(c) sentence without requiring the court first to enumerate 'uses' of firearms."). Khan, however, is factually inapposite to the case at bar. Khan's four crime-of-violence convictions arose from his criminal activities over the course of a month. Khan, 461 F.3d at 493 and note 9. Factually, then, Khan is similar to Camps, where the defendant's underlying predicate offenses occurred on a succession of separate occasions over two weeks. Here, in contrast, Terry allegedly used his firearm once to assault and attempt to murder the same victim. With respect to Counts Three and Five, Terry allegedly made a single choice to use his firearm with the objective of shooting Mr. Womack. In the case of Counts Seven and Nine, Terry's alleged, singular objective was to shoot Mr. Harris. Based on these allegations, Terry should be charged with no more than one Section 924(c)(1) count related to Mr. Womack and one Section 924(c)(1) count related to Mr. Harris.

## Conclusion

For the foregoing reasons, the Court should grant Defendant Jalen Cormarrius Terry's Supplemental Motion to Dismiss Section 924(c) Counts.

<u>Request for Oral Argument</u>

Defense counsel requests an opportunity to argue orally in support of this motion.

                                    JALEN CORMARRIUS TERRY

                            By:  s/Paul G. Beers
                                  Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Jalen Cormarrius Terry

<u>Certificate of Service</u>

      I hereby certify that on May 9, 2019, I electronically filed the foregoing Defendant Jalen Cormarrius Terry's Memorandum in Support of Supplemental Motion to Dismiss Section 924(c) Counts with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Ronald M. Huber, Esq., Managing Assistant United States Attorney, United States Attorney's Office, 255 West Main Street, Charlottesville, Virginia 22902, and to Heather L. Carlton, Esq., Assistant United States Attorney, United States Attorney's Office, 255 West Main Street, Charlottesville, Virginia 22902.

                                  s/Paul G. Beers
                                  Paul G. Beers