IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number: 4:18CR00012 |
| | ) | |
| JAVONTAY JACQUIS HOLLAND | ) | |

**DEFENDANT HOLLAND'S RESPONSE TO THE GOVERNMENT'S OPPOSITION TO THE MOTION TO COMPEL DISCOVERY[1]**

Defendant Holland responds to the government's opposition to the Motion to Compel as follows:

*Items in the Custody of the Danville Police Department*

In its response, the government assures Defense Counsel that it has provided "all physical evidence it *intends to use*." This ignores the request that Defense Counsel needs to inspect *all* the evidence, not just those articles the government has determined are favorable to the prosecution. Of equal importance, the government completely ignores and has provided no explanation as to the *"omitted"* items of evidence, and has made no assurances of undergoing any effort to identify and locate these items of evidence. Are these items unfavorable to the prosecution's case, lost or destroyed? Regardless of the answer, it could be an important element in the defense of the case.

At a minimum, Defendant moves for identification of the *"omitted"* items of evidence and, if necessary, the opportunity to inspect this evidence.[2]

---

[1] Counsel for Mr. Holland realizes this Response is procedurally out of order. On September 9, 2019, Defendant Holland filed his Motion to Compel Discovery. In the companion case of *United States v. Davis, et. al., Criminal Number 4:18-CR-00011*, Defendant Davis filed an almost identical Motion to Compel on September 11, 2019. On September 12, 2019, the government filed its opposition to the Davis Motion. It is anticipated the Court may rule on the Davis' matter before the government files its Opposition to the Holland Motion. Given that the issues are identical and rulings in *Davis* will most likely affect the rulings in Defendant Holland's case, Mr. Holland wishes to state his position on the record at this time.

[2] At the August 14, 2019, discovery meeting, the USAO assured Defense Counsel they would determine why certain

1

26645/1/9014960v1
Case 4:18-cr-00012-MFU-RSB   Document 438   Filed 09/16/19   Page 1 of 4   Pageid#: 2438

## Items in the Custody of the FBI

The government completely ignores and has provided no explanation as to the *"omitted"* items of evidence, and has made no assurances of undergoing any effort to identify and locate these items of evidence designated under the "1B" codes.[3] At a minimum, Defendant Holland moves the Court to order the government to provide Defense Counsel the FBI file management generated inventory of all 1Bs in this investigation and, if necessary, the opportunity to inspect any evidence previously designated as "*omitted.*" Providing the inventory is no burden to the government as it is an intact file and can be generated by "pushing a button."

As to the 1As, the government dismisses Defense Counsel's request by opining "a list of [1A] items would not assist the defendants in their trial preparations." Since the defendants do not know what the 1As entail, the decision regarding what is and what is not of assistance in trial preparations should not be left to the judgment of the prosecutor. Again, at a minimum, Defendant Holland moves the Court to order the government to provide Defense Counsel the FBI file management generated inventory of all 1As in this investigation. Providing the inventory is no burden to the government as it is an intact file and can be generated by "pushing a button."

## Destroyed Evidence

The government advises that, with the exception of Mr. Holland's *Miranda* form, all other destroyed evidence was at the behest of the Danville Police Department ("DPD") prior to the involvement of federal authorities. However, this statement ignores the apparent destruction of FBI evidentiary item "1B113" on March 13, 2019, well after the return of the Indictment. This item was in FBI custody, not DPD custody. Defendant Holland renews his motion to be informed

---

items of evidence were omitted.
[3] *See note 2, supra.*

of any destruction of evidence or documents.

*Photograph Used in Interrogation/Exculpatory Evidence*

The government is correct that, after a month of requests, the readable exculpatory color aerial photograph of North Hills Court was disclosed to Defense Counsel on August 8, 2019. However, Counsel was previously advised during July 2019 that the indecipherable black and white photograph was the "only version" in the possession of the USAO. *See Exhibit A* (to be filed under seal separately). A question arises as to who was in possession of this exculpatory material prior to August 8th? It is a simple question with an assumingly simple answer, and could shed light on the location of the omitted/missing evidence discussed above. Accordingly, Mr. Holland moves the Court to order the government to disclose who had possession of the color photograph prior to August 8, 2019.

*Exculpatory Evidence From Government Reports of Interviews*

No response.

*Conclusion*

In accordance with the reasons stated above, Defendant Holland renews his Motion to Compel as modified in this Response.

                                              Respectfully submitted,

                                              **JAVONTAY JACQUIS HOLLAND**

                                              s/ Thomas J. Bondurant, Jr.
                                                        Of Counsel

Jacqueline M. Reiner, Esquire VSB No.: 41829
*Counsel for Defendant Javontay Jacquis Holland*
JACQUELINE M. REINER, PLLC
5600 Grove Avenue
Richmond, Virginia 23226
T: 804.285.3888
F: 804.285.7779
  reiner@reinerlawfirm.com

Thomas J. Bondurant, Esquire VSB No.: 18894
*Counsel for Defendant Javontay Jacquis Holland*
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia 24022-0013
T: 540.983.9300
F: 540.983.9400
  bondurant@gentrylocke.com

## Certificate of Service

On this 16th day of September 2019, I certify this Motion to Compel Discovery was filed with the Clerk using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Thomas J. Bondurant, Jr.