IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number: 4:18CR00012 |
| | ) | |
| JAVONTAY JACQUIS HOLLAND | ) | |

**DEFENDANT HOLLAND's MOTION IN LIMINE TO EXCLUDE FACEBOOK POSTS AND MESSAGES IN THE ABSENCE OF ESTABLISHING PROPER FOUNDATION**

Hundreds of the government's proposed exhibits in this case involve messaging and posts on what purports to be Facebook accounts of the Defendants. In Mr. Holland's case, the government has noticed 70 such items. It is anticipated the government will seek to introduce these exhibits under the hearsay exception for "Records of a Regularly Conducted Activity," *Federal Rule of Evidence 803(6)*.

Messaging in Facebook is analogous to email – a person directs a communication to other person(s) who respond(s) and establishes an electronic conversation. If a person "posts" on his/her Facebook Wall (a photo, comment, etc.), this most often results in responses from other persons. This results in an electronic conversation analogous to email communications.

Emails are a "more casual" form of communications than other business records contemplated under *Rule 803(6)* and more specificity is required to show a particular email is a reliable business record. In *United States v. Cone, 714 F.3d 197, 219-20 (4th Cir. 2013)*, the Fourth Circuit observed:

> The business records exception assumes that records containing information necessary in the regular running of a business will be accurate and reliable. Email, however, is typically a more casual form of communication than other records usually kept in the course

1

of business, such that it may not be appropriate to assume the same degree of accuracy and reliability.

In *Cone*, the appellate court found the district court abused its discretion in admitting the emails without the government providing more specificity showing that a ***particular email*** constituted a reliable business record. As the Court held:

> While properly authenticated e-mails may be admitted into evidence under the business records exception, it would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then *ergo* all those emails are business records falling within the ambit of *Rule 803(6)(B)*. An e-mail created within a business entity does not, for that reason alone, satisfy the business records exception of the hearsay rule. The district court's observation that the e-mails were kept as a 'regular operation of the business' is simply insufficient on that basis alone to establish a foundation for admission under *Rule 803(6)(B)*.

*Id.* at 220 (internal citations omitted).[1] *See also Morisseau v. DLA Piper*, 532 F.Supp.2d 595 (S.D.N.Y. 2008); *United States v. Ferber,* 966 F.Supp. 90 (D. Mass. 1997) (stating that it "is not the law [that] virtually any document found in the files of a business which pertain[s] in any way to the functioning of that business [is] admitted willy-nilly as a business record."); *Versata Software, Inc. v. Internet Brands, Inc.*, 2012 U.S. Dist. LEXIS 92920 (D. Tex. July 5, 2012) (stating that "[i]f occasional communications among employees of a business that relate to the operation of the business were to qualify as business records for purposes of Rule 803(6), that would convert the exception for 'business records' into an exception for 'business communications' and would open the door to a vast array of communications within a business, contrary to the conventional understanding of the business records exception.")

---

[1] This evidentiary error was found to be harmless in *Cone* because it concerned a "minute portion" of the overwhelming direct and physical evidence against the defendants.

In Mr. Holland's case, the government has provided no context or specificity as to the reliability, trustworthiness or relevancy of the messaging and posts. Testimony or certification by a Facebook custodian of records is insufficient to establish a proper foundation. As with the analogous email situation, mere technical adherence to the authentication usually required under *Rule 803(6)* is an insufficient foundation for admissibility. The government must establish how an electronic conversation between Mr. Holland and another person constitutes a record integral to Facebook's corporate operations.

While Facebook may maintain an inventory of messaging/posts, these items do not rise to the status of a corporate business record. Facebook is a conduit for information dispersal and the messaging/posts are not an integral part of corporate operations, mandated record keeping or, from the discovery, are not monitored by Facebook. As stated in *Cone*: "***The business records exception assumes that records containing information necessary in the regular running of a business . . .***" *Supra.* There is no information in Mr. Holland's messaging and posts that are ***necessary*** to Facebook's corporate operations.

In an analogous situation, web postings are not business records of internet service providers:[2]

> [Defendant] tries to fit web postings in as a hearsay objection under *Federal Rule of Evidence 803(6)* as business records . . . Internet service providers, however, are merely conduits. The internet service providers did not themselves post . . . [Defendant] presented no evidence that the Internet service providers even monitored the contents of those web sites. The fact that the Internet service providers may be able to retrieve information that its customers sent does not turn that material into a business record of the Internet service provider. (*citations omitted*).

---

[2] Mr. Holland does not assert that Facebook is an "internet service provider."

*United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000).  Of course, Mr. Holland is not an entity subject to *Rule 803(6)*.

Moreover, *Federal Rule of Evidence* 602 provides that a witness may testify about a topic "only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  Even if a particular messaging/post qualifies as a hearsay exception under the business records exception, any testimony about facts and circumstances surrounding the messaging/posts or the contents of the messaging/posts can only properly be admitted through a witness who has personal knowledge of the matter – that is, a participant in the electronic conversation.  A Facebook custodian could not overcome a relevancy objection.

In accordance with the reasons stated above, Mr. Holland moves to exclude proposed Government Exhibits 616 through 686.

Respectfully submitted,

**JAVONTAY JACQUIS HOLLAND**

s/ Thomas J. Bondurant, Jr.
Of Counsel

Jacqueline M. Reiner, Esquire VSB No.:  41829
*Counsel for Defendant Javontay Jacquis  Holland*
JACQUELINE M. REINER,  PLLC
5600 Grove Avenue
Richmond, Virginia 23226
 T:     804.285.3888
 F:     804.285.7779
reiner@reinerlawfirm.com

Thomas J. Bondurant, Esquire VSB No.:  18894
*Counsel for Defendant Javontay Jacquis  Holland*
GENTRY LOCKE

4

P.O. Box 40013
Roanoke, Virginia 24022-0013
T:     540.983.9300
F:     540.983.9400
bondurant@gentrylocke.com

## Certificate of Service

On this 25th day of October, 2019, I certify this Motion in Limine was filed with the Clerk using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Thomas J. Bondurant, Jr.

5