IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 4:18-CR-00012 |
| | ) | |
| JALEN TERRY | ) | |
| | ) | |

### OPPOSITION TO MOTION TO EXCLUDE FACEBOOK EVIDENCE

The United States of America respectfully opposes the Motion *In Limine* to Exclude Facebook Posts and Messages in the Absence of Establishing Proper Foundation (ECF No. 479), now adopted by Defendant Jalen Terry. Defendant Terry's motion misstates the law for the admission of social media evidence in the Fourth Circuit and should be denied. The Court should await the presentation of evidence at trial to make any decision on the admissibility of Facebook evidence containing the defendant's and co-conspirators' statements. As grounds for this opposition, the United States asserts the following argument and authorities:

The admission of relevant Facebook evidence is a two-step process. The United States must first show that the Facebook records/exhibits are authentic. Fed. R. Evid. 901 ("the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is"). "Importantly, 'the burden to authenticate under Rule 901 is not high—only a prima facie showing is required,' and a 'district court's role is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014) (quoting *United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009)). The Facebook records are self-

authenticating under Rule 902(11).[1]  At trial, instead of calling a live custodian from Facebook to testify that certain exhibits are excerpts of records produced by Facebook and kept by Facebook in the normal course of business, the United States will instead lay this foundation through the introduction of the records under Rule 902(11), which permits the admission of business records when the United States has a signed certificate of authenticity from the business record custodian and has provided notice of its intent to proceed by certificate.  Fed. R. Evid. 902(11); *Hassan*, 742 F.3d at 133.  The United States has done this.

In addition, the United States will also introduce extrinsic evidence that the Facebook exhibits are connected to the defendant and/or his co-conspirators in this case.  As it did at the *Davis* trial, co-conspirators will testify that they participated in Facebook group conversations and that certain Facebook accounts belonged to certain individuals.  Witnesses will explain the content of the conversations and their meaning.  The contents of the Facebook accounts themselves will help demonstrate to whom the accounts belonged.  As it did in the *Davis* case, the United States may introduce a "profile picture," email address, vanity name, cellphone number, and/or self-identifying post to prove that a specific Facebook account was used by a particular individual, and has marked such "user attribution" evidence as trial exhibits.  The Fourth Circuit has repeatedly held that such extrinsic evidence, in combination with the Rule 902(11) certification, permits the authentication and admission of social media evidence.  *E.g., United States v. Recio*, 884 F.3d 230, 237 (4th Cir. 2018) (holding Rule 902(11) certification and extrinsic evidence such as email addresses sufficient to prove authenticity of Facebook evidence); *Hassan*, 742 F.3d at 133 (same); *United States v. Landaverde-Giron*, No. CR PJM 15-0258, 2018 WL 902168, at *2 (D. Md. Feb. 14, 2018) (same).  See also <u>Admissibility of Electronic Evidence</u>, by Grimm, Paul and Brady,

---

[1]  The United States could also seek to authenticate the records as certified records generated by an electronic process or system.  Fed. R. Evid. 902(13).

Kevin (2018) *available at* http://www.flmb.uscourts.gov/judges/tampa/mcewen/GrimmBradyEvidAdmissChart.pdf; Best Practices for Authenticating Digital Evidence, by Grimm, Paul et al (West Academic 2016).[2]

In introducing this extrinsic evidence, the United States will also be introducing evidence that the Facebook exhibits are admissible under the hearsay rules. The Facebook exhibits are either the defendant's own statements or the statements of his co-conspirators and are thus admissible. Defendant admissions can be highly probative, admissible evidence against an accused. Statements of a party opponent are excluded from the hearsay rules. Fed R. Evid. 801(d)(2). Like a defendant's statements, co-conspirator statements made during and in furtherance of the conspiracy are also excluded from the hearsay rules. Fed. R. Evid. 801(d)(2)(E). To admit evidence under this Rule, the government must show, by a preponderance of the evidence: (1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought; and (2) that the statements at issue were made in furtherance and in the course of that conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006). "Most courts, including the Fourth Circuit, construe the in furtherance of requirement so broadly that even casual relationships to the conspiracy suffice to satisfy the exception [to the hearsay rule]." *Smith*, 441 F.3d at 262. In fact, courts have repeatedly determined that "conspiracies have extended to tasks such as . . . the destruction of incriminating evidence [and] the obstruction of justice to avoid punishment for the commission of the crimes that were the objective of the conspiracy." 1-15 *Weinstein's Evidence Manual*, Sec. 15.02 (2014). Finally, co-conspirator statements are not testimonial under *Crawford*, and therefore, do not

---

[2] In support of his motion, the defendant cites a 2013 case discussing the authenticity of email evidence in contradiction to the Fourth Circuit's repeated rulings regarding the admissibility of social media evidence. In the end, the *Cone* decision cited by the defendant supports the position of the United States that a Rule 902(11) certification is not alone sufficient for the admissible of electronic records.

3

implicate the Sixth Amendment.  *See Crawford v. Washington*, 541 U.S. 36, 55 (2004) ("Most of the hearsay exceptions covered statements that by their natures were not testimonial—for example, business records or statements in furtherance of a conspiracy.").

Where a Court deems that a statement satisfies the requirements of Rule 801(d)(2)(E) as co-conspirator hearsay, the statement may be admitted as evidence against all members of the conspiracy.  *United States v. Simmons*, 923 F.2d 934, 945 (2d Cir. 1991); *United States v. Del Valle*, 587 F.2d 699, 704 (5th Cir. 1979).  Such is the nature of Rule 801(d)(2)(E), that where one is involved in a conspiracy with another individual, the statements made by that co-conspirator in furtherance of the conspiracy can be used against members of that conspiracy.  The exhibits being objected to by the defendant are either the defendant's direct statements or are admissible co-conspirator statements.

WHEREFORE, the defendant's motion should be denied.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

 s/ Heather L. Carlton
Ronald M. Huber
Heather L. Carlton
Assistant United States Attorneys
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:  434-293-4283
Ron.huber@usdoj.gov
Heather.carlton@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/Heather L. Carlton