IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 4:18-cr-00012 |
| | ) |
| JALEN TERRY | ) |
| | ) |

### UNITED STATES' OPPOSITION TO MOTION TO EXCLUDE IRRELEVANT EVIDENCE AND ITS NOTICE OF INTENT TO INTRODUCE RULE 404(B) EVIDENCE

The United States of America respectfully opposes the Motion to Exclude Irrelevant Evidence (ECF No. 487), now adopted by Defendant Jalen Terry. Evidence of shootings involving Milla Bloods gang members are charged racketeering conspiracy acts and are admissible at trial. Indictment, ECF No. 5, at ¶ 12(e).[1] In addition, pursuant to Rule 404 of the Federal Rules of Evidence, the United States respectfully notifies the defendant of its intent to introduce evidence of uncharged criminal conduct in support of its case-in-chief at trial in this matter. Evidence of the uncharged criminal conduct has long been disclosed to the defendant, and is contained in the government's trial exhibits and exhibit list provided in September 2019.

Evidence of this uncharged conduct is intrinsic (i.e., inextricably intertwined and necessary to provide context to the crimes charged) to the offenses charged in the Indictment and, accordingly, notice is not required as such evidence is outside of the purview of Federal Rule of

---

[1] The United States filed a virtually identical notice of intent to use Rule 404(b) evidence in the related Crips gang case, which the defendants' opposed. *United States v. Marcus Davis*, 4:18-cr-11, ECF Nos. 552, 591, 588, 596, 651. The Court denied the motions to exclude the prior incidents, holding that such evidence is directly relevant to the charges in the case. ECF No. 772 at 2-4.

1

Evidence 404. However, out of an abundance of caution, the United States nonetheless provides notice of intent to introduce such evidence because, even if extrinsic, the evidence falls squarely within Federal Rule of Evidence 404(b). In opposition to the defendant's motion and in support of its 404(b) notice, the United States asserts the following:

**Factual Background**

Starting in December 2015, members of the Rollin 60s Crips and Milla Bloods street gangs united to repeatedly attempt to kill rival Billys Bloods gang members. Specifically, the United States alleges that on December 5, 2015, a Rollin 60s Crip gang member named Robert "Jay" Kennedy was shot by a member of the rival Billys Bloods street gang as he walked down a Danville street with another Rollin 60s Crips gang member. In response, in the days following, the streets of Danville exploded in a rash of gun violence in retaliation for that shooting. Because Kennedy was from the "800" neighborhood in Danville, members of the Rollin 60s Crips from the "800" and Milla Bloods from the "800" joined forces in committing some of these retaliatory shootings. One of those shootings occurred on December 8, 2015, when members of the Rollin 60s and Millas fired into 177 Sunset Drive, the home of Marsha Pritchett, who is the grandmother of two Billys gang members – who had just been dining at her home minutes before the shooting. One of the Billys was believed to have been Kennedy's shooter. The shooters included Milla Bloods co-conspirator Tredarius "Bubba" Keene, among others.

Another example of the conspiracy between the Rollin 60s and Millas occurred four months later, on April 26, 2016, when members of both gangs loaded into multiple vehicles and drove through the Billys' gang territory and shot at African-American males and houses along Garland Street as retaliation for a slight against Defendant Jalen "Fats" Terry, a Milla gang member

2

from the "800" neighborhood.[2]   In response, a few minutes later, members of the Billys, Rollin 60s, and Milla gang engaged in a gun battle on Berryman Avenue, directly in front of Defendant Terry's home, which is in the "800" neighborhood.  Defendant Terry, along with other Milla Bloods gang members, were part of the armed convoy that shot up Garland Street.[3]   At trial, the United States intends to introduce evidence regarding these two shooting events.

## Legal Argument

Evidence of these events is intrinsic evidence of the crimes charged, directly supports the counts in the Indictment, and is thus admissible at trial.  "Evidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or if evidence of the uncharged conduct is necessary to complete the story of the crime on trial."  *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (quotations and citations omitted).  The December 2015 and April 2016 shootings were part of a series of shootings committed by the Milla Bloods and Rollin 60s Crips over the course of nine months, which included the summer of 2016 VICAR counts charged in the Indictment.  Such evidence is intrinsic to the charged crimes because it provides background evidence to the jury for the charged VICAR counts, helps explain why the defendants – members of two normally rival street gangs – worked in concert to try to attempt to murder others, and provides highly probative intent evidence.

More importantly, evidence of these events is direct proof of the RICO Conspiracy charge

---

2   In fact, as the Court heard at the *Davis* trial, Defendant Terry instigated the event, helped planned the shooting at his house, and then later helped hide evidence and shooters from the police in his house.

3   As the Court will recall from the *Davis* trial, Defendant Terry's girlfriend drove Terry's car in the convoy.

3

and the multiple VICAR counts. Count 1 of the Indictment alleges that the defendant and his co-conspirators engaged in certain racketeering acts, including but not limited to assaults with a deadly weapon. Indictment, ECF 5. The December 2015 and April 2016 shootings are highly relevant, direct evidence of those predicate offenses.[4] Moreover, these incidents demonstrate the defendant was working in concert with other co-conspirators to further the purposes of the gang, and hence are also direct enterprise evidence. In fact, such evidence – that Defendant Terry helped instigate and plan attempted murders -- is highly probative evidence that Defendant Terry was a gang member, just as it supports the allegations that the other co-conspirators are also enterprise members. "It is well established that when seeking to prove a conspiracy, the government is permitted to present evidence of acts committed in furtherance of the conspiracy even though they are not all specifically described in the indictment." *United States v. Janati*, 374 F.3d 263, 270 (4th Cir. 2004).

This is especially true in a racketeering conspiracy, where the United States must prove enterprise, predicate acts, and continuity. *See, e.g., United States v. Palacios*, 677 F.3d 234, 245 (4th Cir. 2012) (upholding admission of prior shooting and robbery as direct evidence of racketeering conspiracy and VICAR murder charges); *Werth v. United States*, 493 F. App'x 361, 369 (4th Cir. 2012) (permitting evidence of uncharged assault as intrinsic evidence of RICO conspiracy charge); *United States v. Garcia*, 474 F. App'x 909, 911 (4th Cir. 2012) (same;

---

4    To prove a RICO conspiracy, the government must establish "that an enterprise affecting interstate commerce existed; 'that each defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise; and . . . that each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.'" *United States v. Mouzone*, 687 F.3d 207, 218 (4th Cir. 2012). *See also United States v. Abed*, 203 F.3d 822 *10 (4th Cir. 2000) (unpublished) (quoting *United States v. Posada-Rios*, 158 F.3d 832, 857 (5th Cir.1998) (holding that the elements of Section 1962(d) are "(1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant knew of and agreed to the overall objective of the RICO offense.").

"[A]ssault of a rival gang member was clearly intrinsic to the charged crime" of RICO conspiracy); *United States v. Salerno*, 108 F.3d 730, 738-39 (7th Cir.1997) (holding that because the existence of an enterprise is an essential element of the RICO offense, evidence that goes to establish an enterprise's existence and a defendant's participation in it is not "other crimes" evidence subject to Federal Rule of Evidence 404(b)); *United States v. Simmons*, No. 2:16CR130, 2017 WL 8894505, at *3 (E.D. Va. Dec. 13, 2017) (holding that witness tampering and robbery "complete the story of the crime on trial," namely, RICO conspiracy).

Such evidence falls outside of the purview of Rule 404(b) and is simply direct evidence of the charged crime. *See United States v. Lipford*, 203 F.3d 259, 268 (4th Cir. 2000) (upholding admission of evidence that "served to complete the story" with respect to conspiracy charge as intrinsic evidence, not Rule 404(b) extrinsic evidence). *See also United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007) ("Even where evidence predates the time period of the indictment, the government is allowed to provide context relevant to the criminal charges."). Therefore, the evidence of these two shootings is admissible at trial.

Alternatively, even if the Court ruled that this evidence is uncharged bad act evidence, evidence of these events would still be admissible at trial. Rule 404(b) of the Federal Rules of Evidence permits the admission of a "crime, wrong, or other act" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) is "an *inclusive* rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *United States v. Cabrera-Beltran*, 660 F.3d 742, 755 (4th Cir. 2011) (emphasis added). To determine admissibility of such evidence, the moving party must show that (1) the evidence is relevant to an issue other than character; (2) the

evidence is necessary "in the sense that it is probative of an essential claim or an element of the offense," (3) the evidence is reliable, and (4) the evidence carries probative value that does not substantially outweigh its prejudice nature. *United States v. Hornsby*, 666 F.3d 296, 307 (4th Cir. 2012) (permitting admission of evidence tampering during unrelated state investigation four years prior in later federal trial to prove defendant's intent) (quotation omitted). "Evidence is reliable and should be submitted to the fact finder unless it is 'so preposterous that it could not be believed by a rational and properly instructed juror.'" *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996). Any prejudice to the defendant can be alleviated by a jury instruction. *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997) ("In cases where the trial judge has given a limiting instruction on the use of Rule 404(b), the fear that the jury may improperly use the evidence subsides."). *See also Cabrera-Beltran*, 660 F.3d at 756.

Evidence of the incidents proves motive, intent, and knowledge, and disproves that the defendant acted mistakenly or by accident when the committed the charged VICAR counts. The December 2015 and April 2016 shootings, introduced through the testimony of witnesses and participants and corroborated by physical evidence, is reliable evidence, highly probative of the issues in this case. The striking similarity between the uncharged shootings and the charged VICAR shooting only further strengthens the probative value of the evidence to show the defendant's intent and knowledge, and to demonstrate that the defendant was an "intentional, rather than unwitting, participant[s] in the conspiracy." *Cabrera-Beltran*, 660 F.3d at 755-56 (admitting evidence of prior drug convictions to prove knowledge and intent, and the ongoing nature of the defendant's drug trade). "The more similar the extrinsic act or state of mind is to the act involved in committing the charged offense, the more relevance it acquires toward proving

the element of intent." *Queen*, 132 F.3d at 996. Therefore, even if considered extrinsic evidence to the charged racketeering crimes, evidence of the events – the December 2015 and April 2016 shootings – is still admissible as appropriate Rule 404(b) evidence.

WHEREFORE, the United States respectfully submits this notice of intent to introduce other crimes evidence.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

s/Heather L. Carlton
Ronald M. Huber
Heather L. Carlton
Assistant United States Attorneys
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:   434.293.4283
Ron.huber@usdoj.gov
Heather.carlton@usdoj.gov

# C E R T I F I C A T E

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 24th day of February 2020.

s/Heather L. Carlton