IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No.4:18CR00012 |
| | ) | |
| JALEN CORMARRIUS TERRY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT JALEN CORMARRIUS TERRY'S
REPLY MEMORANDUM WITH RESPECT TO
PRETRIAL MOTIONS (ECF NOS. 479 AND 487)**

Statement of the Case

In an Order dated February 14, 2020, the Court directed "the parties that argument related to ECF Nos. 479 and 487 will be heard at the scheduled March 6, 2020 hearing." (ECF No. 551.)

ECF No. 479

ECF No. 479 is Defendant Holland's Motion in Limine to Exclude Facebook Posts and Messages in the Absence of Establishing Proper Foundation, which a co-defendant's counsel filed on October 25, 2019. Jalen Terry ("Terry") adopted that pre-trial motion, which concerns the admissibility of social medial communications housed on Facebook. (Government Exhibits 616 through 686.) On February 24, 2020, the government responded with its Opposition to Motion to Exclude Facebook Evidence. (ECF No. 554.)

ECF No. 487

ECF No. 487 is a First Motion to Exclude Irrelevant Evidence. A co-defendant's counsel filed this pre-trial motion on November 6, 2019. Terry adopted that motion, which seeks to exclude

1

evidence of several violent incidents under Federal Rules of Evidence 403 and 404. On February 24, 2020, the government filed its Opposition to Motion to Exclude Irrelevant Evidence and its Notice of Intent to Introduce Rule 404(B) Evidence. (ECF No. 555.)

Terry now replies to the government's twin memoranda (ECF Nos. 554 and 555.)

Argument

A.   Terry Joins The Government In Asking That The Court Defer Until Trial Ruling On The Admissibility Of Facebook Evidence.

In its Opposition to Motion to Exclude Facebook Evidence, the government correctly observes, "The admission of relevant Facebook Evidence is a two-step process." (ECF No. 554, page id # 3094.)   The first step is authentication.  The government promises to authenticate Facebook posts and messages under Rule 901 of the Federal Rules of Evidence.  The second step is admissibility under an established exception to the rule against hearsay.  In their Motion in Limine to Exclude Facebook Posts and Messages (ECF No. 479), defendants assumed the United States would rely upon the business records exception to the hearsay rule.  See FED. R. EVID. 803(6); see United States v. Cone, 714 F.3d 197, 219-20 (4th Cir. 2013).

The government in response does not reply upon the business records exception of Rule 803(6). Instead, the government argues, "Facebook exhibits are either the defendant's own statements or the statements of his co-conspirators and are thus admissible" under Rule 801(d)(2). (ECF No. 554, page id # 3096.) "The exhibits being objected to by the defendant," prosecutors assert, "are either the defendant's direct statements or are admissible co-conspirator statements." (ECF No. 554, page id # 3097.)   Ultimately, the United States urges the Court to defer ruling on the admissibility of this Facebook evidence until prosecutors demonstrate the posts are direct or

vicarious admissions within the scope of Rule 801(d)(2). "The Court should await the presentation of evidence at trial to make any decision on the admissibility of Facebook evidence containing the defendant's and co-conspirators' statements," the government writes. (ECF No. 554, page id # 3094.)

Having received the government's response to his adopted Motion in Limine to Exclude Facebook Evidence, Terry joins in its request that the Court defer ruling on that motion until trial.

B.      Terry Concurs With The Government That The Court Effectively Decided The December 2015 And April 2016 Shootings Are Admissible.

In his adopted First Motion to Exclude Irrelevant Evidence, Terry asked the Court to exclude as unfairly prejudicial any evidence of shootings which occurred in Danville on December 2015 and April 2016. (ECF No. 487, page id # 2801.) In response (ECF No. 555), the government argues that these violence events are admissible either as conduct intrinsic to the RICO conspiracy alleged in the Indictment or, alternatively, as uncharged bad act evidence which meets the controlling test for admission under Rule 404(b) of the Federal Rules of Evidence. The government points out that in the United States' companion Danville RICO prosecution, the Court ruled that evidence of the December 2015 and April 2016 Danville shootings is admissible under either or both of the prosecution's theories. See United States v. Marcus Davis, 4:18-cr-11 (W.D. VA. 2019) (ECF No. 772 at 2-4.)

Without waiving his motion to exclude evidence of the December 2015 and April 2016 Danville shootings, Terry acknowledges that the Court effectively decided these events shall be

3

admissible at trial.  Having preserved this point for appellate review, Terry does not request an opportunity to present further written or oral argument.[1]

## Conclusion

For the foregoing reasons, Defendant Jalen Cormarrius Terry respectfully requests that the Court (A) defer until trial ruling on his adopted Motion in Limine to Exclude Facebook Posts and Messages in the Absence of Establishing Proper Foundation (ECF No. 479) and (B) note and preserve the continuing objection to evidence of the December 2015 and April 2016 Danville shootings set forth in his adopted First Motion to Exclude Irrelevant Evidence (ECF No. 487).

JALEN CORMARRIUS TERRY

By: s/Paul G. Beers
Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
Email: pbeers@glennfeldmann.com

Counsel for Jalen Cormarrius Terry

---

[1] In its Notice of Intent to Introduce Other Crimes Evidence, the government does not suggest it shall present evidence concerning the August 2016 homicide of Christopher Motley in Danville. Terry is not charged with participating in this shooting or even being present when it occurred. Terry assumes the government shall not introduce evidence of this event. Should the government notify Terry that it expects to present evidence of the August 2016 shooting, Terry shall object under Rules 403 and 404.

<u>Certificate of Service</u>

I hereby certify that on March 4, 2020, I electronically filed the foregoing Defendant Jalen Cormarrius Terry's Reply Memorandum with Respect to Pretrial Motions (ECF Nos. 479 and 487) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>s/Paul G. Beers</u>
Paul G. Beers