CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 12 2024

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Action No. 4:18-cr-00012 |
| v. | ) |
| | ) |
| JALEN CORMARRIUS TERRY, | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendant/Petitioner | ) |

## MEMORANDUM OPINION

Pending before the court is defendant Jalen Cormarrius Terry's motion for reconsideration of the court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. ECF No. 809. The government responded to the motion and advised Terry and the court that it intended to rely on the arguments and authorities it presented in its response to Terry's § 2255 motion. ECF No. 812. Having reviewed Terry's motion and additional briefing, the court **DENIES** his motion for reconsideration of the court's prior opinion.

### I. Background

The background of this matter is set forth in detail in the court's previous memorandum opinion, ECF No. 807, and will not be repeated here except as necessary to address the motion for reconsideration. On June 11, 2018, Terry, along with seven codefendants, was named in a fifteen-count indictment alleging racketeering, attempted murder, and firearms offenses. According to the statement of facts (SOF) signed by Terry, he was a member of a criminal organization known as the Milla Bloods ("Millas"). The Millas are a street gang affiliated with the New York Bloods Nation and have engaged in

criminal activity in the Western District of Virginia, including murder, attempted murder, assault, assault with a dangerous weapon, robbery, obstruction of justice, drug distribution and trafficking, and conspiracy to commit those crimes. SOF, ECF No. 565 at 1.

On June 15, 2016, Terry, along with his codefendants, went to an apartment complex in Danville, Virginia at the behest of another gang member, Tredarious Keene, for the purpose of shooting and possibly killing Dwight Harris and Armonti Womack. At the apartment complex, the Millas met up with another gang, the Rollin 60s Crips ("Rollin 60s"). The Millas members and Rollin 60s Crips members together agreed to shoot and potentially kill Harris and Womack. Gunfire ensued, and Womack and a member of the Millas were injured, but no one was killed. Id. at 3. During the conspiracy, Terry conspired with others to distribute, and did, in fact, distribute, marijuana on behalf of the racketeering enterprise. Id. at 4–5.

Terry was charged with nine counts related to gang activity, drug distribution activity, and armed violence. Several of the counts were dismissed by the government and on March 6, 2020, Terry entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and pled guilty to Counts 1 and 3 the same day. ECF Nos. 562–565. In Count 1 he was charged with participating in a pattern of racketeering activity that included murder in violation of Virginia statutory and common law; robbery in violation of Virginia statutory and common law, tampering with a witness, and trafficking in controlled substances, all in violation of 18 U.S.C. §§ 1962(d) and 1963. In Count 3 he was charged with violent crime in aid of racketeering based on the assault with a dangerous weapon of Armonti Devine Womack, in violation of 18 U.S.C. §§ 2 and 1959(a)(3). ECF

Nos. 562–565. As part of the plea agreement, Terry stated that "[d]uring and in furtherance of the conspiracy, I personally agreed to commit acts chargeable under Virginia Code §§ 18.2-32, 18.2-22 (conspiracy to commit murder), Virginia Code §§ 18.2-32, 18.2-25 and 18.2-26 (attempted murder), and 21 United States Code §§ 841 and 846 (conspiracy to distribute a controlled substance, to-wit: marijuana)." Plea Agreement, ECF No. 563 at 1–2.

Count 1 carried a maximum statutory penalty of 20 years and Count 3 carried a minimum statutory penalty of ten years and a maximum penalty of life imprisonment, with the penalty on Count 3 to run consecutively to the penalty on Count 1. Pre-Sentence Investigation Report ("PSR"), ECF No. 683 ¶ 127.[1] Based on a total offense level of 42 and a criminal history category of II, the guideline imprisonment range was 360 months to life on Count 1, but because the statutory maximum sentence was 20 years, the guidelines sentence was 240 months. On Count 3, the guidelines sentence was the minimum term of imprisonment required by statute, or 120 months, to run consecutively to Count 1. Id. ¶ 128. The parties agreed to a sentencing range of 180 to 204 months. Plea Agreement, ECF No. 563 at 4. As part of the agreement, Terry waived his right to appeal except for any issue which could not be waived by law. Terry further agreed to waive his right to collaterally attack his sentence unless the attack was based on ineffective assistance of counsel. Id. at 8–9.

On October 29, 2020, Terry was sentenced to 84 months on Count 1 and 120 months on Count 3, with the sentences to run consecutively for a total of 204 months. His

---

[1] As explained in this opinion, the PSR stated that the maximum penalty on Count 1 was five years when it was really 10 years. However, this mistake was discovered and Terry was properly apprised of the sentence he was facing prior to his pleading guilty.

term of incarceration is to be followed by a 5-year term of supervised release. J., ECF No. 698. Terry did not file a direct appeal.

Terry next filed a § 2255 motion, in which he alleged that his conviction on Count 3 for violating 18 U.S.C. § 924(c) was unconstitutional because the predicate of the conviction no longer qualified as a crime of violence. ECF No. 785. He subsequently amended the § 2255 petition to add an ineffective assistance of counsel claim. ECF No. 792. In addressing the § 2255 motion, the issues before the court were whether Terry's petition was timely, whether he had waived his claims as part of his plea agreement, whether he was entitled to relief on his claim that his conviction on Count 3 was unconstitutional, and whether he had received effective assistance of counsel.

The court found that Terry's petition was untimely, but he was entitled to equitable tolling of the limitations period. The court further found that Terry had waived all but his ineffective assistance of counsel claims. In addition, the court determined that to the extent Terry was arguing that his conviction on Count 3 was unconstitutional based on a newly recognized right made retroactive on collateral review by the Supreme Court, his claim failed, and the conviction was constitutional.

On the ineffective assistance of counsel claim, Terry had alleged that his attorney provided ineffective assistance of counsel when he failed to explain the difference between Counts 3 and 5 of the indictment and that had he understood the difference he would not have pled guilty to Count 3. Regarding the first prong of the test, Terry asserted that his attorney misadvised him as to the elements of Count 3 of the indictment. He claims that prior to deciding to plead guilty, he asked his attorney several times whether Count 3,

4

alleging the use of a firearm during a violent crime in aid of racketeering for attempted murder of Armonti Womack in violation of 18 U.S.C. § 924(c)(1)(A)(iii), was identical to Count 5, alleging use of a firearm during a violent crime in aid of racketeering, to wit: Assault with a dangerous weapon of Armonti Divine Womack. Mot., ECF No. 792 at 3–4. He says that his attorney assured him that the two counts were the same and he relied on that representation in deciding to plead guilty.

In its memorandum opinion, the court explained that the PSR contained an error when it stated that Count 3 carried a statutory minimum sentence of 5 years because the count actually carried a minimum sentence of 10 years. However, the Assistant United States Attorney had properly described the statutory minimum sentence at the plea hearing. Mem. Op., ECF No. 807 at 15; Sent. Hr'g Tr., ECF No. 797 at 11–12; Plea Hrg., ECF No. 583 at 18–19. The court also noted that although the fact that the sentence on Count 3 was required to run consecutively to the sentence on Count 1 was not explained at the plea hearing, the court explained both the statutory minimum sentence and the requirement that it run consecutively to the sentence on Count 1 at the sentencing hearing. In addition, the court told Terry that, pursuant to the plea agreement, he would be sentenced to between 180 and 204 months. Terry expressed his understanding of the plea agreement and indicated that he wanted to go forward with it. Mem. Op., ECF No. 807 at 12–15.

The court further found that even if Terry's attorney did not explain the difference between the counts, both Counts 3 and 5 alleged violations of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii) and both carried the same statutory penalties. Mem. Opin., ECF No. 807 at 16; Indictment, ECF No. 5 at 11–12. Therefore, while the two counts were not identical

5

because Count 3 was based on attempted murder of Womack and Count 5 was based on assault with a dangerous weapon of Womack, it is unclear how Terry's counsel erred in explaining them to Terry when the only difference between the counts was apparent on the face of the indictment. Moreover, Terry had not described how he was prejudiced by the lack of information, as Count 5 was dismissed without prejudice on July 23, 2019, approximately seven months before Terry pled guilty. Mem. Op., ECF No. 807 at 16; Order, ECF No. 396. Terry provided no explanation as to how any failure on his attorney's part to explain the differences between the counts induced him to plead guilty when he otherwise would not have done so. The court concluded that Terry's counsel provided effective assistance. Mem. Op., ECF No. 807 at 16.

## II. Motion for Reconsideration

The court entered its memorandum opinion and order denying § 2255 relief on July 7, 2023, and a copy was mailed to Terry. On August 1, 2023, Terry filed the pending motion for reconsideration. Terry asserted that he had not received a copy of the government's response to his motion and the record indicated that the government had not mailed Terry a copy of its response. The court directed the Clerk to send Terry a copy of the government's response and gave him additional time to file a reply to the response. Order, ECF No. 810. On September 12, 2023, Terry filed his reply to the government's response. ECF No. 811.

Depending on when it is filed, a motion for reconsideration of a ruling denying a § 2255 motion is treated as having been filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 59(e), motions must be filed no later than 28 days after entry of the judgment and this time limitation also applies to motions for reconsideration of

§ 2255 orders. United States v. Jones, No. 2:99-cr-00361-DCN-1, 2023 WL 8282981, at *3 (Nov. 30, 2023) (citations omitted). Motions filed outside the 28-day period are treated as Rule 60(b) motions. Id. Terry filed his motion within 28 days of the date the court entered its judgment and therefore is analyzed under Rule 59(e).

A Rule 59(e) motion may only be granted in three situations: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly." Id.

Terry asserts that he is presenting new evidence regarding his claim, but his pleadings do not contain any new evidence. In both his motion for reconsideration, ECF No. 809, and his pro se reply to the government's response, ECF No. 811, he reasserts his previous argument that he would not have entered into the plea agreement if his attorney had explained to him that Count 3 was required by statute to run consecutively to the sentence on Count 1. He also argues that he was coerced into pleading guilty when his counsel advised him to accept the plea agreement or face harsher punishment.

However, as set forth above, at sentencing the court explained the requirement that the sentence on Count 3 run consecutively to the sentence on Count 1, and also explained that the plea agreement provided that Terry would be sentenced to between 180 and 204 months. Terry told the court that he understood the terms of the plea agreement and that he

7

understood the sentencing range. Sent. Tr., ECF No. 797 at 13–16. Terry has provided no evidence that calls into question his understanding of the plea agreement.

Regarding his allegation that he was coerced into pleading guilty by his attorney telling him that if he did not accept the terms of the plea agreement he would face a harsher punishment, it appears that his attorney's advice was accurate. Count 1 carried a statutory maximum of 20 years and Count 3 carried a maximum of life in prison, with any sentence on Count 3 to run consecutively to Count 1. PSR, ECF No. 683 ¶ 127. The guideline sentencing range on Count 1 was 240 months and the range on Count 3 was the minimum term of imprisonment, or 10 years, to run consecutively. Id. ¶ 128. Thus, Terry's total guidelines range was 360 months. Had he proceeded to trial, he would not have received a three-level reduction for acceptance of responsibility and his guideline range would have been life imprisonment. Id. ¶ 129. Although the outcome of any trial is never a certainty, the advice that Terry's attorney gave him about his options regarding accepting the plea agreement or proceeding to trial was neither inaccurate nor coercive. Rather, his attorney provided effective assistance when he explained the choices Terry faced in light of his charges.

Terry has not presented new evidence or otherwise shown that he is entitled to reconsideration of the court's previous order. Accordingly, his motion for reconsideration, ECF No. 809, is **DENIED**.

It is so **ORDERED**.

Entered: March 11, 2024

Michael F. Urbanski
Chief United States District Judge